UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA GAYLE TUMLIN,

    Plaintiff,

v.                                           Case No: 2:19-cv-457-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

On July 27, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Plaintiff's Petition for EAJA [Equal Access to Justice Act] Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 38) be granted in part. (Doc. 41.) The Magistrate Judge found that some of the hours for which Plaintiff's counsel sought compensation were excessive and reduced them accordingly. (See id. at 3–5.) Plaintiff filed a timely objection. (Doc. 42.)[1] Upon review of the R&R, Plaintiff's objection, and the record, the Court finds no error with the R&R.

### STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a

---

[1] The Commissioner of Social Security did not respond to Plaintiff's objection, and the time to do so has expired.

de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Legal conclusions are reviewed de novo even without an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

First, Plaintiff objects to the R&R reducing the hours counsel spent drafting the joint memorandum from 32.5 to 29—a 3.5-hour reduction. (Doc. 42 at 2–3.) The Magistrate Judge found 32.5 hours excessive because the joint memorandum presented only two unexceptional issues, and the transcript was relatively short. (Doc. 41 at 3.) Plaintiff counters that the "time spent by Plaintiff's counsel in considering and deciding not to include" other issues "avoided an unnecessarily long brief" and "is appropriate and compensable." (Doc. 42 at 2.) She also maintains that the R&R only focused on the ten-page argument section while ignoring the other eight pages of facts, legal standards, and "other material." (Id.)

An award of attorney's fees exceeding thirty hours in a social security case is unusual, but not unheard of, in this district. See Huntley v. Comm'r of Soc. Sec., No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013) (collecting cases). Plaintiff notes another case from this district where counsel were awarded fees for 35.8 hours spent reviewing the transcript and preparing the joint memorandum. Schechter v. Saul, No. 8:19-cv-860-T-36CPT, 2020 WL 4289512, at *3 (M.D. Fla. July 7, 2020), adopted sub nom. Schechter v. Comm'r of Soc. Sec., 2020 WL 4287355 (M.D. Fla. July 27, 2020). Notably, however, Plaintiff's

objection does not refute the Magistrate Judge's finding that this appeal was not particularly complex or time consuming. For example, the transcript in Schechter was more than 800 pages, whereas the one here totaled 500. (Compare id. at ECF 13, to Doc. 19.) "While Plaintiff's [objection cites] to Social Security cases where courts have awarded fees for more than 30 hours of work, she does not discuss the facts of those cases or otherwise explain why they are relevant here." Oneill v. Comm'r of Soc. Sec., No. 6:19-cv-2359-GKS-EJK, 2021 WL 1929736, at *3 (M.D. Fla. Apr. 13, 2021), adopted 2021 WL 1925545 (M.D. Fla. May 13, 2021).

The issue is not whether counsel should recover fees for work on matters excluded from the joint memorandum. Rather, the issue is whether this case was so complex to justify the amount of time counsel spent in researching particular issues that were eventually excluded. The Court, after de novo review of the record, finds that it was not—especially considering that Plaintiff prevailed on the issues she chose to include. Cf. Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988) ("[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." (citing Norman v. Hous. Auth., 836 F.2d 1292, 1301 (11th Cir. 1988))). Even more, Plaintiff identifies no other grounds for an award in excess of 30 hours. Thus, the Court concludes that the Magistrate Judge did not err in reducing the time counsel spent drafting the joint memorandum by 3.5 hours.

Second, Plaintiff objects to the R&R reducing the time her counsel spent drafting the EAJA petition from 2.3 hours to 1 hour—a 1.3-hour reduction.

(Doc. 42 at 3.)  Plaintiff maintains that this amounts to "15 minutes per page, exclusive of supporting materials.  Plaintiff submits that one hour is not a reasonable length of time to produce the EAJA petition including 22 pages of supportive materials." (Id.)  But as the Court has previously held, one hour is reasonable considering counsel uses a standard form for EAJA petitions and affidavits.  Order, Hearn v. Comm'r of Soc. Sec., No. 2:18-cv-145-FtM-NPM (M.D. Fla. Dec. 10, 2019), ECF 30 at 3; see also Order, Boutwell v. Comm'r of Soc. Sec., No. 2:19-cv-435-FtM-MRM (M.D. Fla. Aug. 5, 2020), ECF 23 at 5–7.  Thus, the Magistrate Judge did not err in this reduction either.[2]

Last, counsel seeks compensation for the time spent reading the R&R and "performing research for and drafting the present objections." (Doc. 42 at 4.) "[H]ours reasonably expended" is "work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." Perkins, 847 F.2d at 738 (citation omitted).  Much of Plaintiff's objection is copied-and-pasted from her unauthorized reply. (Compare Doc. 40, with Doc. 38.)  The Magistrate Judge recommended denying the same request for fees there because Plaintiff did not have leave to file a reply. (Doc. 41 at 5.)  The Court rejects any notion that the Magistrate Judge simply ignored the arguments in Plaintiff's reply.  Even so, as explained above, those arguments "do not address the primary reason for the reduction of hours" here—the relative complexity of this specific case.  M.S. v. Saul,

---

[2] Compare (Doc. 38) with Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) and Request for Oral Argument, Hearn v. Comm'r of Soc. Sec., No. 2:18-cv-145-FtM-NPM (M.D. Fla. Sept. 27, 2019), ECF 24.

No. 5:16-CV-328 (LAG) (CHW), 2020 WL 9460365, at *3 (M.D. Ga. Dec. 3, 2020). Plaintiff's request is thus due to be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections (Doc. 42) are **OVERRULED**.

2. The Report and Recommendation (Doc. 41) is **ADOPTED** and made part of this Order.

3. Plaintiff's Petition for EAJA Fees (Doc. 38) is **GRANTED IN PART** and **DENIED IN PART**.

4. The Court awards Plaintiff $7,885.25 in fees which may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

5. Plaintiff's motion (Doc. 38) is **DENIED** to the extent it seeks any greater or different relief than this Order provides, including as to her request for additional fees in objecting to the R&R (Doc. 42 at 4).

6. The Clerk is **DIRECTED** to enter judgment accordingly.

**ORDERED** at Fort Myers, Florida, on September 20, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE